Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/16/2021 09:09 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Lauren Marie Nowak, respondent.
___ N.W.2d ___

Filed January 22, 2021.    No. S-20-480.

Original action. Judgment of public reprimand.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by Lauren Marie Nowak, the respondent, on November 25, 2020. The court accepts the respondent's conditional admission and enters an order of public reprimand and 2 years of probation.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on October 25, 2011. She is currently on inactive status.

On July 2, 2020, the Counsel for Discipline of the Nebraska Supreme Court, the relator, filed formal charges against the respondent. The formal charges consisted of one count against the respondent. Pursuant to Neb. Ct. R. § 3-302, the respondent is under the jurisdiction of the Committee on Inquiry of the Third Judicial District (Committee).

The matters alleged in the formal charges were reviewed by the Committee pursuant to Neb. Ct. R. § 3-309(H) (rev. 2011). The Committee determined that there are reasonable grounds for discipline of the respondent and that a public interest would be served by the filing of formal charges.

The formal charges generally allege violations stemming from the respondent's being arrested in June 2018 and charged with one count of shoplifting (Class II misdemeanor) and one count of possession of a controlled substance (Class IV felony). On December 4, the respondent ultimately entered a plea of no contest to the amended charge of attempted possession of a controlled substance, a Class I misdemeanor. She was sentenced to 1 year of probation. She was granted early release from probation after 6 months. The formal charges also state that the respondent was previously convicted of a shoplifting charge in 2017, for which she was fined $200.

The formal charges allege that by her actions, the respondent violated her oath of office as an attorney licensed to practice law in the State of Nebraska as provided by Neb. Rev. Stat. § 7-104 (Reissue 2012) and violated Neb. Ct. R. of Prof. Cond. § 3-508.4(a) and (b) (misconduct).

On November 25, 2020, the respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313(B) of the disciplinary rules, in which she conditionally admitted that she violated her oath of office as an attorney and § 3-508.4(a) and (b) of the professional conduct rules. In the conditional admission, the respondent admits that her conduct violated the identified rules of professional conduct. The respondent knowingly does not challenge or contest the truth of the matters conditionally asserted and waived all proceedings against her in exchange for a public reprimand and probation for a period of 2 years. During her probationary period, the respondent states she shall abide by the terms of her monitoring agreement with the Nebraska Lawyers Assistance Program, will not violate any laws of the State of Nebraska and/or any ordinances

of any jurisdiction therein, and will not violate any of the Nebraska Rules of Professional Conduct.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that the respondent's proposed discipline is appropriate in light of the fact that the conduct did not arise out of her duties as an attorney, the conduct did not involve clients, and the respondent is actively working on the personal behaviors that led to the charges.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that the respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by her conduct, the respondent violated § 3-508.4(a) and (b) (misconduct) of the professional conduct rules and her oath of office as an attorney licensed to practice law in the

State of Nebraska. The respondent has waived all additional proceedings against her in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

The respondent is publicly reprimanded. Additionally, the respondent is to be on probation for a period of 2 years, during which time she will abide by the terms of her monitoring agreement with the Nebraska Lawyers Assistance Program and the terms outlined in her conditional admission. If the respondent applies to appear pro hac vice, she must disclose this discipline. The respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.